**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JIMMY HENDRICH AND LORETTA ANN HENDRICH; KAREN KLASEUS; VINCENT ADDERLY; YUKSEL AGAN; VICTOR BAEZ; FLOYD BARNETT; BARRY BLACK AND SABRINA BLACK; STEPHEN BOLDUC AND ARLENE BOLDUC; JULIA BOYNTON; DAVID BURROUGHS AND STEPHANIE CAMPBELL; VIVIAN CANNON AND JENNIFER COY-CANNON; WILBERT CARLTON; RAYMOND CHAMPAGNE; STEVEN CRENSHAW; DEBRA DEROSIER AND WESNER DEROSIER; MARYANN DEVES AND DAVID DEVES; RUTH FRALEY AND BORIS FRALEY; JOSEPH FREDERICK; KATHLEEN GRESSER; EDRIS HICKS; GORDON HIGH AND JENNIFER LYNN HIGH; MATTHEW HORSWILL AND JEWELEEN HORSWILL; CAROL JAMES; SHAUNTA KEMP; KARL KENT JR. AND CAROLINE BROWN KENT; DOUGLAS KIFFMEYER; CHARLES LEE AND LISA ANN LEE; ALONZO LEWIS AND BRENDA LEWIS; STEPHEN LINDSEY; DAWN MATLOCK; JOHANNA MAYNARD; DEBRA MCCLURKIN AND JOSEPH MCCLURKIN; ANDREA MILLER; WYNDI MILLER; FRANK MILLS AND LOLA MILLS; MICHAEL NEDO AND LENORE LOFARO; JOHN OCKLESTON; JAMES OLIVER; EDWARD SALSMAN; ALBERTO SANCHEZ AND IRIS SANCHEZ; JAMES SEVERIN AND JODI SEVERIN; MELISSA SHACKLEFORD AND RICKY SHACKLEFORD; MELANIE SHAW AND CHARLES SHAW; HEATHER SMITH; JUNE SPOMER; DEBRA STRICKLAND; TAMMY THOMAS AND MARK THOMAS; PATSY THOMPSON AND STEPHEN THOMPSON; MARTIN WILLIAMS AND DONNA WILLIAMS; STEVE WILSON; LAURA WOLFE; GEORGE ATCHISON AND RUTH ANN ATCHISON; DOUGLAS BERGERON; SYLVIA BRYANT AND LESTER BRYANT; SAN | ) | Case No.:<br><br>State Court Case No: 1422-CC01224 |

| | |
|---|---|
| JUANITA CANTU FLORES; BRYAN KEITH FREEMAN; STANLEY GROVE AND JACQUELINE GROVE; TED JAKOVEC AND MARIAN JAKOVEC; SHARON LITTLE; ROBBY MICHAEL ORGERON; TERALANDUR PARTHASARATHY AND GITA MALUR; KEITH SCHREMP; MARY ANN TILLMAN AND DAVID TILLMAN; CARLOS WEBSTER, | ) |
| Plaintiffs | ) |
| -vs- | ) |
| MEDTRONIC, INC. | ) |
| and | ) |
| MEDTRONIC SOFAMOR DANEK USA, INC., | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and all applicable law, Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. ("MSD USA, Inc.") (collectively, the "Medtronic Defendants"), by and through their undersigned counsel, hereby remove this action from the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, to the United States District Court for the Eastern District of Missouri. The Medtronic Defendants also remove the following related cases in the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis: *Smith, et al. v. Medtronic, Inc. and Medtronic Sofamor Danek, USA, Inc.*, No. 1322-CC09531091 ("*Smith*"), and *Hendrich, et al. v. Medtronic, Inc. and Medtronic Sofamor Danek, USA, Inc.*, No. 1422-CC01224.

## THE *ANDERS*, *SMITH*, AND *HENDRICH* CASES

1. The *Anders* action is brought on behalf of ninety-nine individuals from twenty-four different states. The Plaintiffs seek compensation for injuries allegedly caused when each individual Plaintiff (or his or her spouse) was surgically implanted with MSD USA, Inc.'s Infuse® Bone Graft/LT-Cage Lumbar Tapered Fusion Device ("Infuse").[1]

2. The *Smith* action is likewise brought on behalf of ninety-nine individuals, but in *Smith*, the Plaintiffs are from twenty-six different states. The Plaintiffs in *Smith* likewise seek compensation for injuries allegedly caused when each individual Plaintiff (or his or her spouse) was surgically implanted with Infuse.[2]

3. The *Hendrich* action is brought on behalf of ninety-three individuals from twenty-two different states and one foreign country (New Zealand). The Plaintiffs in *Hendrich* also seek compensation for injuries allegedly caused when each individual Plaintiff (or his or her spouse) was surgically implanted with Infuse.[3]

---

[1] None of the Plaintiffs in *Anders* resides in Missouri (Petition ("*Anders* Pet.") ¶¶ 9-74), and only two of the Plaintiffs—Dennis Brian Anders and Lara Anders—allege that the surgical procedure that allegedly caused their injury took place in Missouri (*id*. ¶¶ 9, 843-44). Plaintiffs in *Anders* allegedly are from Arizona, Arkansas, Florida, Indiana, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Oregon, Rhode Island, South Carolina, South Dakota, Virginia, Washington, West Virginia.

[2] Of the ninety-nine Plaintiffs in *Smith*, only four—Joyce Smith, Mark Evans, and Darryl and Joanna Ruth Sparlin—are residents of Missouri (Amended Petition ("*Smith* Pet.") ¶¶ 9, 25, 61), and only four of the non-Missouri Plaintiffs—Gabriel and Bernadette Michael and Mark and Donna Willis—allege that the surgical procedure that allegedly caused their injury took place in Missouri (*id*. ¶¶ 1094, 1099, 1310, 1316). Plaintiffs in *Smith* allegedly are from Alabama, Arizona, Arkansas, California, Florida, Georgia, Illinois, Iowa, Kentucky, Maryland, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Washington, Wisconsin.

[3] Of the ninety-three Plaintiffs in *Hendrich*, only fourteen—Jimmy and Loretta Ann Hendrich, Steven Crenshaw, Maryann and David Deves, Charles and Lisa Ann Lee, Stephen Lindsey, James Oliver, Edward Salsman, Melanie and Charles Shaw, Heather Smith, and Keith Schremp—are residents of Missouri (Amended Petition ("*Hendrich* Pet.") ¶¶ 16, 29, 31, 42, 44, 53, 54, 58, 59, 77), and only six of the non-Missouri Plaintiffs—Floyd Barnett, Douglas Kiffmeyer, John Ockleston, Teraland Parthasarathy and Gita Malur, and Carlos Webster—allege that the surgical procedure that allegedly caused their injury took place in Missouri (*id*. ¶¶ 1096, 1269, 1359, 1554, 1582). Plaintiffs in *Hendrich* allegedly are from Alabama, California, Colorado, Florida, Georgia, Illinois, Louisiana, Massachusetts, Minnesota, Mississippi, Missouri, New Jersey, New York, North Carolina, Oklahoma, Pennsylvania, South Carolina, South Dakota, Texas, West Virginia, Wisconsin, Wyoming and from New Zealand.

4. Plaintiffs in *Anders*, *Smith,* and *Hendrich* are represented by the same counsel and the operative complaints in the three cases are substantively identical. These cases constitute a "mass action" under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(11)(B), 1453(b).

5. As the Eighth Circuit recognized in *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1161 (8th Cir. 2013), "[i]n the Class Action Fairness Act of 2005 ('CAFA'), Congress permitted removal from state to federal court of certain class actions, including 'mass actions.' 28 U.S.C. §§ 1332(d), 1453(a) and (b)." And as the Eighth Circuit explained, under § 1332(d)(11)(B)(i), the term "mass action" "'means any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact … .'" *Id.* As shown below, this case is removable to federal court based on based CAFA under 28 U.S.C. § 1332(d).

6. In each of *Anders*, *Smith,* and *Hendrich*, the Medtronic Defendants have filed a Motion To Dismiss Or, In The Alternative, For Transfer Of Certain Claims To Other Venues Or For A More Definite Statement (collectively the "Motions"). In their Opposition and Surreply papers filed in *Anders* and *Smith* on August 22, 2014[4] and September 18, 2014, Plaintiffs' counsel implicitly, if not explicitly, requested that the cases be tried in conjunction with one another, thereby implicating CAFA's "mass action" provision as construed and applied in cases such as the Eighth Circuit's recent decision in *Atwell* and the Seventh Circuit's decision in *In re Abbott Laboratories, Inc.*, 698 F.3d 568 (7th Cir. 2012), which the Eighth Circuit cited with approval in *Atwell*.

[4] Plaintiffs filed an essentially identical Opposition in *Hendrich* on August 22, 2014.

**JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

7. This Court has original jurisdiction over this action pursuant to the "mass action" provision of CAFA. Each of the requirements for removal under CAFA is satisfied here.

8. In Opposing the Medtronic Defendants' argument that the claims of the ninety-nine individual Plaintiffs are not properly joined, Plaintiffs argue that "[h]ere, there are numerous common questions of fact concerning the conduct of Defendants common to all Plaintiffs." *Hendrich* Opp. at 56; *Anders* Opp. at 54; *accord Smith* Opp. at 55. Plaintiffs further argue that their "Petition is replete with common facts alleging improper and illegal behavior that harmed all of the Plaintiffs" and that "severance of Plaintiffs' claims, would needlessly multiply the number of causes of action and the number of judges and juries needed to address the same issue: Medtronic's liability for its wrongful and improper sale, marketing, and distribution of a dangerous product." Hendrich Opp. at 56; *Anders* Opp. at 55; *accord Smith* Opp. at 55. Moreover, Plaintiffs expressly assert that joinder of the claims of the Plaintiffs "is consistent with the important policy" underlying the Missouri joinder rule—*"'to try all issues arising out of the same occurrence or series of occurrences together*'" (*Hendrich* Opp. at 53 (emphasis added); *accord Anders* Opp. at 51; *Smith* Opp. at 51-52), and *repeatedly* invoke that "policy."

9. In their Reply memoranda in support of the Motions, the Medtronic Defendants noted that "Plaintiffs offer no explanation for why, if they truly believe their arguments, they chose to file separate actions of dozens of Plaintiffs rather than one action for all Plaintiffs," and that "[t]he import of their arguments would suggest that they should have filed all of their claims in one action." *Anders* Reply at 42 n.26; *accord Smith* Reply at 43 n.26. Tellingly, in their September 18, 2014 Surreplies in *Anders* and *Smith*,[5] Plaintiffs did not disagree or disavow their

[5] Copies of the Opposition, Reply, and Surreply briefs cited herein are included in the Appendix being filed herewith.

now apparent plan to seek disposition of all of their claims jointly. To the contrary, they again assert that their claims "stem[] from [a] common set of facts" and again invoke the "'important'" "'policy of the law … *to try all issues arising from the same occurrence or series of occurrences together*.'" *Anders* Surreply at 18 (emphasis added); *Smith* Surreply at 18. Indeed, Plaintiffs take the Medtronic Defendants to task for "cit[ing] no authority capping the number of cases that may be permissibly joined and ignor[ing]" that policy of "'try[ing] all issues arising from the same occurrence or series of occurrences together.'" *Anders* Surreply at 18; *accord Smith* Surreply at 18.

10. These statements by Plaintiffs suffice to warrant removal under CAFA. As Judge Easterbrook explained for a unanimous Seventh Circuit panel in *Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008), determining whether joint trial has been proposed depends not on "whether 100 or more plaintiffs answer a roll call in court, but whether the 'claims' advanced by 100 or more persons are proposed to be tried jointly." And as the Eighth Circuit made clear in *Atwell*, "construing the [CAFA] statute to require" plaintiffs to expressly request "a single trial of more than 100 claims would render 28 U.S.C. § 1332(d)(11) 'defunct.'" 740 F.3d at 1163 (citing *Bullard v. Burlington N. Santa Fe Ry.*, 535 F.3d 759, 762 (7th Cir. 2008)). Thus, for example, "'[a] proposal to hold multiple trials in a single suit … does not take the suit outside § 1332(d)(11) … A trial of 10 exemplary plaintiffs, followed by application of issue or claim preclusion to 134 more plaintiffs without another trial, is one in which the claims of 100 or more persons are being tried jointly … .'" *Id.* (*quoting Bullard*, 535 F.3d at 762). "[I]n determining whether plaintiffs have 'proposed' that their claims be tried jointly," for purposes of CAFA removal, "'the proposal can be *implicit*'"—the "'joint trial could be limited to one plaintiff (or a few plaintiffs),'" for "'[t]hat form of bifurcation is common in class actions, and a

mass action is a form of class action.'" *Id.* at 1163 (emphasis added) (*quoting* Judge Posner's opinion in *Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011)). Indeed, "'a proposal for a joint trial within the meaning of what Congress said and intended in CAFA'" may be found where a joint trial would be "'an inevitable result'" of the plaintiffs' proposed litigation plan. 740 F.3d at 1165 (citation omitted).

11. It is obvious here that Plaintiffs initially sought to keep the number of plaintiffs in each of *Anders*, *Smith*, and *Hendrich*—ninety-nine, ninety-nine, and ninety-three, respectively—to just under 100 in an attempt to avoid the CAFA provision for removal of cases involving proposed joint trials for 100 or more plaintiffs. But in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013), the Supreme Court recently made clear that for "CAFA jurisdictional purposes," federal courts should not "exalt form over substance." Thus, the Court held, subdividing a $100 million class action into 21 just-below-$5 million cases "would squarely conflict with the statute's objective" and was not permitted. *Id.* That holding—and the holdings in *Atwell* and *Abbott*—apply with equal force here. Because Plaintiffs are implicitly, if not explicitly, seeking a joint trial of more than 100 plaintiffs within the meaning of CAFA, this case is removable to federal court.

12. Again, Plaintiffs assert in their Opposition briefs that "severance of Plaintiffs' claims, would needlessly multiply the number of causes of action and the number of judges and juries needed to address the *same* issue." *Hendrich* Opp. at 56 (emphasis added); *accord Anders* Opp. at 55; *Smith* Opp. at 55. And in their Surreplies (at 18), Plaintiffs assert that the "*same* series of occurrences and activities caused Plaintiffs' injuries." (Emphasis added.) The inevitable result of Plaintiffs' position that all of their claims—across *Anders*, *Smith*, and *Hendrich*-- stem from the "same" conduct and present the "same" issue and that the Missouri

law and policy they invoke is to "'try all issues arising from the same occurrence or series of occurrences together'" (*Anders* Surreply at 18; *accord Smith S*urreply at 18) is that they are, in fact, invoking, and seeking, a joint trial within the meaning of CAFA.

**THIS ACTION WAS COMMENCED AFTER FEBRUARY 18, 2005.**

13. The *Anders*, *Smith*, and *Hendrich* actions were all commenced after February 18, 2005.

**MINIMAL DIVERSITY EXISTS**

14. Under CAFA, minimal (as opposed to complete) diversity must exist among the parties, *i.e.*, any class member and any defendant must be citizens of different states. *See* 28 U.S.C. § 1332(d)).

15. Minimal diversity exists between the parties to this action.

16. Defendant MSD USA, Inc. is a Tennessee corporation with its principal place of business at 1800 Pyramid Place, Memphis, Tennessee 38132. Thus, MSD USA, Inc. is a citizen of Tennessee.[6] Defendant Medtronic, Inc. is a Minnesota corporation, having its principal place of business in Minnesota, and, thus, for jurisdictional purposes, is a citizen of Minnesota.

17. In each of *Anders*, *Smith*, and *Hendrich*, numerous Plaintiffs are citizens of states other than Minnesota or Tennessee.

18. *Smith*, *Anders*, and *Hendrich* accordingly satisfy the minimal diversity requirements of CAFA.

**THE AMOUNT IN CONTROVERSY IS SATISFIED**

19. On the face of the Petition, it is apparent that each Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interests.

---

[6] MSD USA, Inc.'s principal place of business actually is located at 2600 Sofamor Danek Drive, Memphis, Tennessee 38132. In any event, MSD USA, Inc. is a citizen of Tennessee.

20. When the petition does not claim a specific amount of damages, the court may make an independent appraisal of the claim. *Hollenbeck v. Outboard Marine Corp.*, 201 F. Supp. 2d 990, 993 (E.D. Mo. 2001) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling personal injuries, past and future medical expenses, and lost wages, even though the petition alleged that the damages were less than $75,000).

21. In these Petitions, Plaintiffs assert a number of claims seeking recovery for personal injury arising out of the implantation of Infuse. Plaintiffs claim to have various inuries, including severe physical pain, mental anguish, neurological deficits, unnecessary surgery, chronic disability, inability to work, economic loss, loss of enjoyment of life, and disability. Plaintiffs also seek punitive damages.

22. Given the nature and extent of Plaintiffs' alleged injuries and damages, each Plaintiff's claim places at issue more than $75,000, exclusive of interest and costs. *See Quinn v. Kimble*, 228 F. Supp. 2d 1036, 1037 (E.D. Mo. 2002) (finding the amount in controversy requirement satisfied when the plaintiff claimed damages for permanent and disabling injuries and medical expenses); *see also Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (noting that punitive damages are properly considered in calculating the amount in controversy requirement).

23. Thus, each Plaintiff's claim exceeds the traditional $75,000 amount-in-controversy requirement, and these Petitions also meet or exceed CAFA's aggregate threshold of $5 million in controversy. *See* 28 U.S.C. § 1332(a)(d)(6), (d)(11)(A), (d)(11)(B)(i).

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

24. Under 28 U.S.C. § 1446(b), a notice of removal is timely if filed "within 30 days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper

from which it may first be ascertained that the case is one which is or has become removable." As shown above, this Notice of Removal was timely filed within 30 days after receipt of Plaintiffs' Opposition and Surreply briefs on August 22, 2014 and September 18, 2014, respectively. Under 28 U.S.C. § 1453(b), the 1-year limitation under § 1446(c)(1) does not apply.

25. The United States District Court for the Eastern District of Missouri is the federal district encompassing the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, where this suit was originally filed. *See* 28 U.S.C. § 105(a)(1). Venue is therefore proper in this Court, pursuant to 28 U.S.C. § 1441(a).

26. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L.R. 2.03, true and correct copies of all process, pleadings and orders served on the Medtronic Defendants in the Circuit Court, as well as the complete file from the state court, are being compiled and will be filed with this court. Pursuant to the provisions of 28 U.S.C. § 1446(d), the Medtronic Defendants will promptly file a copy of this Notice of Removal with the clerk of the Missouri Circuit Court for the Twenty-Second Judicial Circuit, City of St. Louis, and will serve a copy of the same upon Plaintiffs' counsel.

27. Concurrent with the filing of this Notice, the Medtronic Defendants are serving this Notice on Plaintiffs and filing a copy of the Notice with the Clerk of the Circuit Court of the City of St. Louis, State of Missouri.

28. By filing a Notice of Removal in this matter, the Medtronic Defendants do not waive defendants' rights to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and the Medtronic Defendants specifically reserve defendants' rights to assert any defenses and/or objections to which they may be entitled.

WHEREFORE, Notice is given that this action is removed from the Circuit Court of the City of St. Louis, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

Dated: September 19, 2014

By: /s/ John E. Gibbons
Martin Buckley (#37000MO)
John E. Gibbons (#63826MO)
BUCKLEY & BUCKLEY LLC
1139 Olive Street, Suite 800
St. Louis, MO 63101
314-621-3434
314-621-3485 (Fax)
mbuckley@buckleylawllc.com
jgibbons@buckleylawllc.com

Daniel L. Ring (*pro hac vice* to be filed)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-8520
dring@mayerbrown.com

Andrew E. Tauber (*pro hac vice* to be filed)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
(202) 263.3324
atauber@mayerbrown.com

*Attorneys for Defendants Medtronic, Inc. and Medtronic Sofamor Danek, USA, Inc.*

**Certificate of Service**

I hereby certify that on September 19, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Eric D. Holland
Holland & Groves
300 N. Tucker, Suite 800
St. Louis MO 63101

/s/ John E. Gibbons