UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY HENDRICH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14CV01635 AGF |
| ) | |
| MEDTRONIC, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' motion to remand for lack of subject matter jurisdiction. (Doc. No. 11.) For the reasons set forth below, Plaintiffs' motion shall be granted.

## BACKGROUND

On May 29, 2014, Plaintiffs filed this tort action in the Twenty-Second Judicial Circuit Court of Missouri, located in the City of St. Louis, seeking to recover damages for injuries allegedly caused by the InFUSE™ Bone Graft and LT-CAGE™ Lumbar Tapered Fusion Device ("Infuse") manufactured and distributed by the Defendants. Plaintiffs assert state law claims of negligence, strict liability, fraud, breach of warranty, and violation of state consumer protection and merchandising practices statutes. Of the 93 Plaintiffs in this action, 14 are residents of Missouri.

On June 30, 2014, Defendants moved in state court to dismiss the amended petition. Plaintiffs opposed that motion on August 22, 2014. On September 19, 2014,

Defendants removed the action to this Court, pursuant to 28 U.S.C. § 1453. Defendants assert that removal was timely because they filed within 30 days of statements Plaintiffs made in their Opposition and Surreply briefs on August 22 and September 18, 2014 which Defendants assert provide the basis for removal. Defendants assert that this Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), in that this case is a "mass action" as defined in 28 U.S.C. § 1332(d)(11)(B). Two similar lawsuits involving the Infuse device were also removed to this Court by Defendants, *Smith, et al. v. Medtronic, Inc.*, No. 4:13-CV-02220-CEJ, and *Anders, et al. v. Medtronic*, *Inc.*, No. 4:14-CV-01637-ERW. *Smith* and *Anders* also originated in the Twenty-Second Judicial Circuit Court, and both cases also involve slightly less than 100 plaintiffs. Prior to their removal, all three cases were consolidated for pretrial proceedings.

Defendants argue that Plaintiffs have a proposed joint trial for the three cases, thereby rendering the cases a single "mass action" under CAFA, notwithstanding that each case alone would not satisfy CAFA requirements. The plaintiffs in all three cases filed timely motions to remand. On October 17, 2014, Judge E. Richard Webber granted plaintiffs' motion to remand *Anders* to the Twenty-Second Judicial Circuit Court of Missouri from which it had been removed, upon finding that plaintiffs had not requested a joint trial of the three cases. *See Anders v. Medtronic, Inc.*, No. 4:14CV01637 ERW, 2014 WL 5320391 (E.D. Mo. Oct. 17, 2014). On October 30, 2014, Judge Carol E. Jackson granted plaintiffs' motion to remand *Smith* to the Twenty-Second Judicial Circuit Court of Missouri for substantially similar reasons as Judge Webber in *Anders*. *See*

2

*Smith v. Medtronic, Inc.*, No. 4:14-CV-01636-CEJ, 2014 WL 5489301 (E.D. Mo. Oct. 30, 2014).

**DISCUSSION**

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The party asserting federal diversity jurisdiction has the burden of proving diversity jurisdiction by a preponderance of the evidence. *Id*. at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id*. A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

CAFA provides federal district courts original jurisdiction over certain class actions, including "mass actions." 28 U.S.C. § 1332(d). A "mass action" is a civil action "in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." *Id*. § 1332(d)(11)(B). However, a CAFA mass action does not exist where "the claims are joined upon motion of a defendant," or where "the claims have been consolidated or coordinated solely for pretrial proceedings." § 1332(d)(11)(B)(ii)(II, IV). State court plaintiffs are allowed to bring separate actions, each with fewer than 100 plaintiffs, against common defendants to avoid federal jurisdiction, unless their claims are proposed to be tried jointly. *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160, 1162-63 (8th Cir. 2013).

In *Atwell*, three groups of plaintiffs brought product liability actions in St. Louis

3

Circuit Court, alleging injury caused by defendants' transvaginal mesh medical devices. *Id.* at 1161. Each group of plaintiffs filed motions asking the cases be assigned to a single judge for purposes of discovery and trial. *Id.* Two of the three groups "cited avoiding conflicting pretrial rulings, providing consistency in the supervision of pretrial matters, and judicial economy as reasons for the assignment." *Id.* at 1164 (citations omitted). And one group argued that "[t]here's going to be a process in which to select the bellwether case to try." *Id.* The court of appeals found that the plaintiffs' motions, which explicitly sought assignment to a single judge for discovery and trial, would inevitably result in a joint trial of the three cases, even though each group noted it was not seeking to consolidate with other cases. *Id.* at 1166. Thus, the relevant question under *Atwell* is whether Plaintiffs have proposed a joint trial, either explicitly or implicitly. To answer this question, the Court must closely review the prior proceedings between the parties in state court.

After reviewing the state court record, with particular attention to the passages cited by Defendants, the Court finds that Plaintiffs did not propose a joint trial of the three cases, either explicitly or implicitly. Defendants cite from Plaintiffs' opposition to Defendants' motion to dismiss in state court that "[h]ere, there are numerous common questions of fact concerning the conduct of Defendants common to all Plaintiffs," the "[p]etition is replete with common facts alleging improper and illegal behavior that harmed all of the Plaintiffs," and joinder of claims of the Plaintiffs "is consistent with the important policy" underlying the Missouri joinder rule—"to try all issues arising out of the same occurrence or series of occurrences together." (Doc. No. 1 at 5.) The Court

4

finds that Plaintiffs were arguing against the severance of claims brought in the *Hendrich* case, and Plaintiffs asked *solely* for a joinder of claims of the 93 Plaintiffs in *Hendrich*, not of the plaintiffs in all three cases.

Unlike *Atwell*, where a single judge was requested by three groups of plaintiffs for discovery and trial, here the state court's Administrative Order consolidated the three cases "for pretrial matters only," and the state court "will return each case to Division 1 for assignment for trial for once all discovery and other pre-trial matters have been completed." (Doc. No 12-6 at 2.)

Because Plaintiffs have not requested a joint trial for *Anders, Smith* and *Hendrich*, either explicitly or implicitly, this is not a mass action and does not meet the jurisdictional requirements of CAFA. This case shall therefore be remanded to the Circuit Court of the City of St. Louis for lack of subject matter jurisdiction.

Having found that the Court lacks subject matter jurisdiction, the Court need not reach Plaintiffs' alternative argument that removal was untimely.

Plaintiffs request costs and expenses pursuant to 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court finds that Defendants had an objectively reasonable basis for seeking removal and will therefore deny Plaintiffs' request for costs and expenses.

5

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to remand is **GRANTED**. (Doc. No. 11.)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Twenty-Second Judicial Circuit Court of Missouri, City of St. Louis, from which it was removed.

_Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2014.