UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMY HENDRICH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:14-cv-01635 |
| | ) | |
| v. | ) | State Court Case No. 1422-CC01224 |
| | ) | |
| MEDTRONIC, INC., | ) | |
| MEDTRONIC SOFAMOR DANEK, USA, | ) | |
| INC., and DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' MOTION TO STAY**
**REMAND ORDER PENDING APPEAL**

Defendants Medtronic, Inc. and Medtronic Sofamor Danek USA, Inc. [*"Medtronic"*], having now lost in their desperate attempt to avoid Missouri's state courts by removing this case to federal court, make a last ditch effort to seek a stay of this Court's final remand order while the Eighth Circuit decides whether to grant Defendants permission to appeal. Defendants have miserably failed to meet their burden and simply cannot demonstrate that the balancing of the equities favors the issuance of a stay.[1] While this Court has "… discretion to stay proceedings as an incident to its power to control its own docket," the balance of equities necessitates the denial of Defendants' application. *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997). In the two other

[1] There are four factors a court must consider when determining whether to issue a stay pending appeal: (1) that it is likely to succeed on the merits; (2) it will suffer irreparable injury unless the stay is granted; (3) that no substantial harm will come to other interested parties; and (4) that the stay will do no harm to the public interest. *Packard Elevator v. I.C.C.*, 782 F.2d 112, 115 (8th Cir. 1986).

Medtronic cases similar to the one at bar, *Anders*[2] and *Smith*[3], Medtronic's application for a stay in both cases have been denied. In *Anders*, Judge E. Richard Webber denied Defendants' Motion for a Stay as moot.[4] In *Smith*, Judge Carol E. Jackson also denied Defendants' Motion for a Stay as moot.[5] In essence, once a federal court remands a case back to state court, the federal district court no longer has jurisdiction.

First, as this Court is aware, an appeal with no probability of success scarcely warrants a stay. Defendants' appeal has no likelihood of success on the merits, since Defendants unsuccessful attempt at removal of this action was based upon nothing but the *illusion* that Plaintiffs had somehow *implicitly* requested a joint trial of more than 100 plaintiffs. That argument was supported only by cherry-picked quotes and contextual fabrications, as the Court quickly recognized. In addition, the case law cited in support of Defendants' removal attempt hinged solely upon *Atwell v. Boston Scientific Corp.*, a case that was easily distinguished by both Plaintiffs and the Court. *See* Remand Ord., attached hereto as Exhibit "A" at 4-5; *see also Atwell*, 740 F.3d 1160 (8th Cir. 2013). Second, Defendants will suffer no irreparable harm in the absence of a stay, as the possible time, money, and energy expended in state court are certainly not *irreparable* and the expedited 60 day review mandated by the CAFA statute effectively undercuts any such argument. *See Capital One Bank (USA) N.A. v. Jones*, 710 F.Supp.2d 634 (N.D. Oh. 2010). Third, any further delay in Plaintiffs securing relief on health-related claims is substantial harm indeed. A stay would also unfairly delay a hearing on Defendants' very *own motion to dismiss.* Fourth, public interest factors weigh heavily in Plaintiffs' favor, since the alleged harms caused by Defendants are nationwide and egregious, widely known and have even

[2] 4:14-cv-01637
[3] 4:14-cv-01636
[4] 4:14-cv-01637, Doc. 36.
[5] 4:14-cv-01636, Doc. 31.

received the attention of the United States Senate. *See* U.S. Senate, Committee on Finance, *Staff Report on Medtronic's Influence on Infuse Clinical Studies*. Washington: U.S. Government Printing Office (October 2013), Attached hereto as Exhibit "B" (U.S. Senate Staff Report's exhibits not included). Defendants cannot escape the gamesmanship imposed on Plaintiff and both this Court and that of the State of Missouri in improperly removing this action before the state court hearing on Defendants' own motion to dismiss. In consideration of the resources expended on Defendants' behalf and at their own request, it would be discourteous to the state court to obstruct the continued progression of this case. Moreover, since a stay has already been denied as moot in the *Smith* and *Anders* cases, there is no impediment to the state court moving forward on Medtronic's motion to dismiss in those matters. The state court in this case should not be impeded as well.

## I. ARGUMENT

### A. It Is Not Possible For Defendants To Prevail On The Merits.

Defendants' belief that they may succeed on the merits after failing to remove this case not only has no supporting basis, it also borders on the delusional. Mere belief does not equal "likelihood" and likelihood is what the Eighth Circuit requires. *See Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996) ("Petitioners must show that they are 'likely' to succeed on the merits."). A stay is not warranted where "the likelihood of defendants' success on the merits of their appeal is purely speculative." *Nesslage v. York Securities*, 107 F.R.D. 389, 390 (E.D. Mo. 1985). As stated by Plaintiffs in their Motion to Remand and confirmed by the Court in its Remand Order, there was absolutely no implicit or explicit proposal for a joint trial by Plaintiffs. *See* Exh. "A" at 4-5. In the end, Defendants' single theory supporting removal did not really exist, notwithstanding Defendants' use of a creative chemistry of cherry-picked quotes from separate briefs in separate state court actions, taken out of context. In the Court's own words:

> Unlike Atwell, where a single judge was requested by three groups of plaintiffs for discovery and trial, here the state court's Administrative Order consolidated the three cases "for pretrial matters only," and the state court "will return each case to Division 1 for assignment for trial for once all discovery and other pre-trial matters have been completed.
>
> Because Plaintiffs have not requested a joint trial for Anders, Smith and Hendrich, either explicitly or implicitly, this is not a mass action and does not meet the jurisdictional requirements of CAFA. This case shall therefore be remanded to the Circuit Court of the City of St. Louis for lack of subject matter jurisdiction.

*Id.* at 4-5 (emphasis added). The Court saw through Defendants' thin argument, granting Plaintiffs' Motion to Remand[6]. There can be no doubt that the Eighth Circuit will do the same.

Defendants cite to *Raskas v. Johnson & Johnson*, claiming that it supports the issuance of a stay pending an appeal from a Remand Order but that case is markedly inapposite to this one. In *Raskas*, Judge Perry noted that there were "several" cases that supported federal jurisdiction under CAFA giving "a sufficient likelihood of success." 2013 WL 1818133, at *2 (E.D. Mo. Apr. 29, 2013). Here, however, Defendants' only authority for CAFA jurisdiction is the *Atwell* decision[7], which as noted by the Court, was not persuasive since similar facts are not present here. *See* Defs.' Mot. at 2; Exh. "A" at 4-5. In *Atwell*, plaintiffs had actually made *explicit motions* to assign their cases to a single judge for trial. *See Atwell*, 740 F.3d 1160 (8th Cir. 2013). Here, Plaintiffs never made *any* motion, never expressed in any oral argument or fostered any other request that the plaintiffs in this specific action be combined for a joint trial with plaintiffs from any other case. This obvious defect in Defendants' primary supporting case law renders their chance of prevailing on appeal non-existent and affirmance by the Eighth Circuit virtually certain.

---

[6] Defendants filed nearly identical Removal Motions in both *Smith* and *Anders*. Judge Carol E. Jackson and Judge E Richard Webber have granted Plaintiffs' Motions to Remand in both actions. Both judges similarly found that *Atwell* did not apply to the facts at bar and that plaintiffs never implicitly nor explicitly requested a joint trial of the three actions. *See Smith v. Medtronic*, 2014 WL 5489301 at *2; *Anders v. Medtronic*, 2014 WL 5320391 at *4.

[7] 740 F.3d 1160 (8th Cir. 2013).

**B. Defendants' Will Not Suffer An Irreparable Injury.**

Defendants claim that they will be irreparably harmed if they are forced to attend a hearing and argue *their own motion to dismiss* in state court. However, none of these "injuries" are *irreparable*. *See* Defs.' Mot. at 7-8. Moreover, Defendants already must face that self-created reality in the *Smith* and *Anders* matters where their motions for a stay have already been denied. Defendants actually claim only that they may have to expend a minimal amount of time, money, and energy arguing their motion to dismiss. *Id.* These temporary injuries are of no moment since "[m]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of stay, are not enough." *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 930 (6th Cir. 2002) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). The law could not be clearer: When deciding whether a party will suffer an irreparable injury, "**[t]he key word in this consideration is irreparable.**" *Sampson*, 415 U.S. at 90. Absent a *permanent* injury that will be suffered by a defendant, the stay must be denied.

Even in terms of more temporal concerns, the amount of time, money, and energy spent by Defendants will be negligible at best as a result of the expedited 60 day review mandated by the CAFA statute and the fact that their motion to dismiss is pending before the state court.. As Defendants have already done the work on their state court motion, the "expedited review process [of CAFA] undercuts Defendant's argument that it would suffer harm through time and resources 'wasted' in state court." *Smith v. Am. Bankers Ins. Co. of Florida*, 2011 WL 6399526, at *2 (W.D. Ark. Dec. 21, 2011); *see also Rainbow Gun Club, Inc. v. Denbury Resources, Inc.*, 2014 WL 1030086, at *2 (W.D. La. Mar. 17, 2014) (holding "the court is unpersuaded by defendants' arguments that denying their stay request will result in irreparable injury in the form of wasted time, effort and expense litigating in state court.")

**C. This Stay Will Unfairly Harm Plaintiffs.**

It was not Plaintiffs' decision to drag this action before the federal court before a state court hearing on Defendants' own motion to dismiss. That very slick, very tactical decision was made by Defendants for whatever reason seemed to serve the moment. Now, however, despite the knowledge that their argument lacks merit, Defendants have decided to continue their use of CAFA as a tool for delay and waste, hoping to avoid that very same motion - - their *own* motion to dismiss. Whatever Defendants' faith in their own state court application, it is now obvious that this stay would only serve one purpose, the delay of an inevitable hearing. As of today, the net effect of Defendants' foot-dragging has been the unconscionable delay of Plaintiffs' day in court. Given the clarity of the order granting remand, there is no reason to believe that the Court's decision will be reversed. Therefore, it is only proper that the state court proceedings be allowed to proceed as soon as possible to prevent any further delay and especially so in light of the denial of a stay in the *Smith* and *Anders* matters.

Any unnecessary delay harms Plaintiffs in this action. Delay in a plaintiff seeking relief on health-related claims is substantial harm and can outweigh any duplicative or possibly unnecessary litigation by the other party. *As* this Court noted in *Halbach v. Great-West Life & Annuity Ins. Co.*:

> The Court recognizes that the Defendants will suffer economic harm as a result of the judgment against them, and further recognizes that this loss is unlikely to be recoverable in the event that this Court's decision is overturned. However, the Court finds that the harm to the Plaintiffs outweighs the harm to the Defendants. The Plaintiffs have had to forgo health benefits to which they are entitled for over three years. The imposition of a stay of judgment would further delay the reinstatement of these benefits.

2008 WL 1805607, at *2 (E.D. Mo. Apr. 21, 2008)

Here, Plaintiffs are bringing claims for serious and often permanent and painful physical injuries caused by Defendants' ongoing campaign of marketing Infuse for unapproved use. This factor clearly points to the denial of any kind of stay.

**D. There is An Overwhelming Amount of Public Interest Invested in the Swift Continuation of This Action.**

Defendants cast the public interest in terms of avoiding duplicative litigation, relying largely on Judge Sippel's decision in *Dalton v. Walgreen Co*., 2013 WL 2367837 (E.D. Mo. May 29, 2013) and Judge Perry's decision in *Raskas*, 2013 WL 1818133. But *Dalton* involved claims of a defendant tracing and using plaintiffs' internet history, 2013 WL 2367837, at *1, while *Raskas* involved economic loss-only claims concerning violations of the Missouri Merchandising Act. 2013 WL 1818133, at *1. In contrast, Plaintiffs' state court Petition here alleged serious and nationwide fraudulent activity resulting from Defendants' illegally marketed device. Defendants' conduct has not only caused serious injury to Plaintiffs, but sparked an investigation by the United States Senate which concluded:

> "The Committee's investigation discovered troubling evidence that Medtronic officials influenced the content of articles in peer reviewed scientific publications to present InFuse in the best possible light. As physicians depend on peer-reviewed literature when making clinical decisions, biased articles in professional publications that downplay potential risks and exaggerate the benefits of a product have the potential to put patients' lives at risk."

*See* Exh. "B" at 18. In other words, the public interest is in seeing the truth in as rapidly a timeframe as possible.

In addition, there is the public interest in judicial economy and the prevention of the waste of judicial resources. Defendants suddenly made their attempt to remove the action while

their own motion to dismiss was pending before the state court.[8] It would be unseemly to once again, prevent the state court from doing its job. Courtesy alone dictates that the state court be permitted to conduct its hearing and continue this litigation as soon as possible. Rewarding Defendants for their delay tactics, and further obstructing the orderly administration of the state court proceedings without justification is not in the public interest.

## II. CONCLUSION

For all the foregoing reasons, it is respectfully requested that this Court deny Defendants' Motion to Stay Remand Order Pending Appeal in its entirety along with any other relief this Court deems just and proper.

DATED: November 15, 2014 Respectfully submitted,

*/s/ Eric D. Holland* ___________________

Eric D. Holland - Bar # 39935MO
R. Seth Crompton – Bar # 57448MO
Holland, Groves, Schneller & Stolze, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Tel: 314-241-8111
Fax: 314-241-5554
Email: eholland@allfela.com
Email: scrompton@allfela.com

[8] Defendants filed a 128 page "kitchen sink" Motion to Dismiss in the City of St. Louis Circuit Court on June 30, 2014, seeking to dismiss on a range of issues from personal jurisdiction to preemption.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*/s/ Eric D. Holland* ___________________

Eric D. Holland - Bar # 39935
Holland, Groves, Schneller & Stolze, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Tel: 314-241-8111
Fax: 314-241-5554
Email: eholland@allfela.com