UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY HENDRICH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:14CV01635 AGF |
| ) | |
| MEDTRONIC, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants' motion to stay this Court's remand order pending their request for appellate review of the remand order. (Doc. No. 25.) For the reasons set forth below, the Court will deny Defendants' motion.

## BACKGROUND

Plaintiffs filed this action in Missouri state court, asserting various state law claims arising out of injuries allegedly caused by medical devices manufactured and distributed by the Defendants. Defendants removed the case to this Court, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Defendants also removed two similar state court cases involving the same devices but brought by different plaintiffs, *Smith, et al. v. Medtronic, Inc.*, No. No. 4:14-CV-01636-CEJ and *Anders, et al. v. Medtronic*, *Inc.*, No. 4:14-CV-01637-ERW. Defendants asserted that CAFA jurisdiction existed in all three cases because the cases were "mass actions" under 28 U.S.C. § 1332(d)(11)(B), notwithstanding that each case involved less than 100 plaintiffs,

because the Plaintiffs proposed a joint trial for all three cases. After reviewing the state court record, with particular attention to the passages cited by Defendants, the Court found that Plaintiffs did not propose a joint trial of the three cases, either explicitly or implicitly, and Defendants therefore did not meet their burden of establishing that CAFA jurisdiction existed. (Doc. No. 24.) The Court entered a remand order on November 5, 2014. (*Id.*) The two related cases, *Smith* and *Anders*, were also remanded for substantially similar reasons. *See Anders*, No. 4:14-CV-01637-ERW, 2014 WL 5320391 (E.D. Mo. Oct. 17, 2014); *Smith*, No. 4:14-CV-01636-CEJ, 2014 WL 5489301 (E.D. Mo. Oct. 30, 2014).

Defendants moved to stay each of the remand orders, arguing that the brief stay required for the expedited appeal process would prevent the parties from having to expend resources to litigate the cases simultaneously in state court and on appeal, and would avoid potentially inconsistent rulings resulting from such simultaneous litigation.

Defendants' motions to stay in *Smith* and *Anders* were denied, and those cases will proceed in state court. *See Smith*, No. 4:14-CV-01636-CEJ, Doc. No. 31 (Nov. 3, 2014); *Anders*, No. 4:14-CV-01637-ERW, Doc. No. 36 (Nov. 14, 2014).

## **DISCUSSION**

Under 28 U.S.C. § 1447(d), an order remanding a case to state court is generally not reviewable on appeal. For that reason, when a remand order is issued by a district court, the district court is ordinarily divested of jurisdiction, allowing the state court to proceed with the case. 28 U.S.C. § 1447(c). However, Congress expressly authorized federal courts of appeals to exercise their discretion to accept an appeal from a remand

2

order under CAFA "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c). Several courts have interpreted this statute as also giving district courts jurisdiction to stay CAFA remand orders during the pendency of such appeals. *See, e.g., Dalton v. Walgreen Co.*, No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) ("Exercising limited jurisdiction to stay a CAFA remand order is appropriate in light of the statutory scheme allowing immediate appeal of such orders."); *Raskas v. Johnson & Johnson*, Nos. 4:12 CV 2174 JCH, 4:12 CV 2266 HEA, 4:12 CV 2307 CDP, 2013 WL 1818133, at *1 (E.D. Mo. Apr. 29, 2013) ("To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow.").

But finding that the Court has jurisdiction to stay a CAFA remand order does not answer the question of whether a stay is warranted in this case. Four factors are relevant to determine whether a stay is warranted: "(1) the likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996).

After examining these factors, the Court finds that a stay is not warranted in this case. Defendants' primary argument on appeal rests on the incorrect assertion that Plaintiffs have proposed a joint trial of the three cases. This assertion was resoundingly rejected in all three district court cases, the court in each case having found that the assertion had no support in the record. The Court therefore finds that Defendants have

not demonstrated a likelihood of success on the merits of the appeal. *Cf. Raskas*, Nos. 4:12 CV 2174 JCH, 4:12 CV 2266 HEA, 4:12 CV 2307 CDP, 2013 WL 1818133, at *2 (finding adequate demonstration of likelihood of success where "defendants cited several cases" supporting their position, and although the court found those cases to be distinguishable, "the lack of authority from this Circuit on these issues ma[de] appellate review appropriate"). Likewise, although the risk of simultaneous litigation in state court and on appeal has been found to satisfy the irreparable harm and public interest factors in other cases, in this case, a stay would not prevent such harm. Defendants' primary assertion in support of the irreparable harm and public interest factors is that Defendants' own motions to dismiss are pending in state court in all three cases, and a ruling by the state court in *any* of the three cases would potentially undercut Defendants' appeal in this case and would constitute duplicative litigation. But state court litigation will be proceeding in the *Smith* and *Anders* cases regardless of this Court's order, so entering a stay in this case would not avoid this alleged harm. With respect to the remaining factor, the Court notes that the harm to Plaintiffs resulting from a delay in litigation may be mitigated by the expedited appellate review process set forth in 28 U.S.C. § 1453(c). However, because the other factors weigh against a stay, on balance, the Court finds that a stay is not warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to stay the Court's remand order pending appeal is **DENIED**.  (Doc. No. 25.)

                                            _____
                                            AUDREY G. FLEISSIG
                                            UNITED STATES DISTRICT JUDGE

Dated this 19th day of November, 2014.